BERNSTEIN v. RISEMAN.

1. MORTGAGES—ABSOLUTE DEED—CONSTRUCTION AS MORTGAGE.

While under certain circumstances a deed absolute in form will be construed as a mortgage if the proof is clear and convincing that it was the intention of the parties that the transfer was for purposes of security rather than an absolute transfer of the legal and equitable title as would be indicated by face of instrument of conveyance, it must be shown that the would-be mortgagor under such an instrument had some interest, either legal or equitable, that was subject to being mortgaged.

2. SAME—CONSTRUCTION OF DEED AS MORTGAGE—EQUITY—TITLE—EVIDENCE—STATUTE OF FRAUDS.

Plaintiff who had purchased property involved subject to a bank mortgage that was later foreclosed and as to which no redemption was made *held*, not entitled to have bank receiver's deed to defendants declared a mortgage where plaintiff had no interest in the premises after expiration of period of redemption, record does not indicate title was taken by defendant grantees as security for any debt owed them by plaintiff, or that latter had anything more than an unenforceable oral agreement to purchase from defendants which plaintiff had refused to perform although defendants urged him to do so on several occasions (3 Comp. Laws 1929, § 13411).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 13, 1937. (Docket No. 114, Calendar No. 39,689.) Decided December 14, 1937.

Bill by Morris Bernstein against Meta Riseman and others to have a deed declared a mortgage, for an accounting and other relief. Decree for plaintiff. Defendants appeal. Reversed.

*Leon Dreifuss,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendants.

CHANDLER, J.    Prior to the year 1932, plaintiff purchased the property involved in these proceedings, subject however, to a mortgage to the Citizens National Bank of Romeo.    This mortgage was subsequently foreclosed by the receiver of said bank who acquired a sheriff's deed dated April 26, 1932. No redemption was made from this deed within the time allowed.

The receiver, in November, 1935, held a public sale to dispose of the property and the plaintiff, desiring to repurchase the same but not being financially able to do so, approached the defendant George Almashy in an attempt to secure the necessary funds. Almashy was successful in obtaining the required money from the defendants David Riseman and one Samuel Sarasohn, thus enabling him to bid $665 for the property at the sale.

Almashy was to receive $200 for his services and it was further agreed that title should be taken by Almashy from the receiver upon the understanding that if plaintiff paid the sum of $865 to Almashy within a period of 60 days, as claimed by Almashy, or 90 days, as claimed by plaintiff, he would receive a deed of the property.    Upon default of plaintiff to make payment within the period specified, Almashy was to be free to sell the premises to whomsoever he desired.

The receiver's deed dated December 3, 1935, named Louis P. Almashy, son of George Almashy, as grantee and was delivered to plaintiff's attorney who retained the same in his possession for some period of time and finally turned it over to David

Riseman.    At about the same time the receiver's deed was executed, plaintiff and his wife also executed a deed of the property in question and delivered the same to Louis P. Almashy, to facilitate a sale by the latter should plaintiff default in the payment of the sum of $865 in accordance with the agreement.

Plaintiff defaulted and the premises were sold by Almashy to the defendant, Meta Riseman, who received a deed thereof dated April 23, 1936.

On May 16, 1936, Meta Riseman commenced proceedings to recover possession of the premises under the provisions of 3 Comp. Laws 1929, § 14964 *et seq.,* being the forcible entry and detainer statute. She obtained a judgment from which no appeal was taken and a writ of restitution issued on June 9, 1936, which was executed the following day.

Plaintiff filed the bill of complaint herein on June 4, 1936, praying for an accounting, that the deed from the receiver to Louis P. Almashy be construed as a mortgage, and that upon payment by plaintiff of the sum found by the court to be due, defendants be ordered to convey the premises to plaintiff.

The decree of the trial court first construes the deed to be a mortgage.    After determining the amount due to be $1,613.33, including principal, repairs made by Meta Riseman and taxes paid by her, and interest, it then decrees that said agreement be specifically performed, and that Meta Riseman shall quitclaim the premises to plaintiff upon payment by him to her within 15 days from the date of the decree of the said sum of $1,613.33; provided, however, that if the said sum was not paid within 15 days, the defendant, Meta Riseman, should have the right to foreclose the deed construed as a mortgage.    From this decree, defendants appeal.

Numerous questions are raised by counsel which in our opinion do not demand discussion as a prerequisite to a determination of the case. We find for the purposes of this opinion that Meta Riseman, the present title holder, cannot be considered as a *bona fide* purchaser and that her position is no better than that of Almashy were he the present title holder. It is also immaterial that the title was taken from the receiver by Louis P. Almashy, son of George Almashy who secured and advanced the amount of the purchase price. The record reveals this to have been done for purposes of convenience and has no bearing on the outcome of the cause.

Plaintiff claims the deed from the receiver to Almashy, although absolute in form, to be a mortgage for the reason that it was accepted by Almashy as security only for sums furnished by him to purchase the property at the receiver's sale for plaintiff, and upon the oral understanding that a conveyance would be made to plaintiff if he repaid such sums within a certain specified time.

It is true that under certain circumstances a deed absolute in form will be construed as a mortgage if the proof is clear and convincing that it was the intention of the parties that the transfer was for purposes of security rather than an absolute transfer of the legal and equitable title as would be indicated by the face of the instrument of conveyance in such cases. However, it is equally clear that before a mortgage can exist, it must be shown that the one who would be the mortgagor under such an instrument had some interest, either legal or equitable, that was subject to being mortgaged. See *Bennett v. Harrison,* 115 Minn. 342 (132 N. W. 309, 37 L. R. A. [N. S.] 521, and note); *Conkey* v. *Rex,* 212 Ill. 444 (72 N. E. 370); *Loomis* v. *Loomis,* 60 Barb. (N. Y.)

22. This principle operates to defeat plaintiff's claim in the instant case. At the time of the receiver's sale, plaintiff had no interest of any nature in the property to be sold, nor was he in possession thereof, having lost all interest he at any time previously had by virtue of the sheriff's deed dated April 26, 1932, from which no redemption was made.

Furthermore, the record is not convincing that it was the intention of the parties that the title should be held by Almashy as security for any debt owed to him by plaintiff. The proof supports a conclusion of a purchase by Almashy with an oral promise to convey to plaintiff upon payment by the latter of $865 within a period of 60 or 90 days, which obviously would be unenforceable, there being no elements present to prevent the operation of the statute of frauds (3 Comp. Laws 1929, § 13411). In any event, plaintiff had ample opportunity to exercise the option for it appears that Almashy on several occasions urged plaintiff to do so but he refused. In general, it may be said that the record offers no equities in favor of plaintiff entitling him to relief.

The decree is reversed and the bill of complaint dismissed, with costs to appellants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.